The STATE of Texas, Appellant,

v.

Hugh WILLIAMS, Appellee.

The STATE of Texas, Appellant,

v.

Al CERVANTEZ, Appellee.

The STATE of Texas, Appellant,

v.

Eulalio CALDERON, Jr., Appellee.

Nos. 04–88–00354–CR to
04–88–00357–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 8, 1989.

Gerald H. Goldstein, Goldstein, Goldstein & Hilley, San Antonio, for appellant.

Carmen Rivera Worley, Del Rio, for appellees.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

REEVES, Justice.

This is an appeal by the State of the district court's order dismissing four indictments. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1). At the time of the alleged offense the appellees were members of the city council of the city of Del Rio. The indictments allege that the three intentionally and knowingly conspired to circumvent the Open Meetings Act by meeting in a number less than a quorum and secretly deliberating on a scheduled agenda item of the city council. This offense is a misdemeanor punishable by imprisonment in the county jail and a fine. TEX.REV.CIV. STAT.ANN. art. 6252–17, § 4(b). The fourth indictment accuses appellee Williams of violating the notice provision of the same article. § 3A(a) and (h), *supra.*

It appears the indictments were originally returned to the 63rd Judicial District Court of Val Verde County. Shortly thereafter the trial court signed an order finding it lacked jurisdiction over the misdemeanor offense alleged in the indictment, and transferring the causes to the county court-at-law. Subsequently, the judge of the county court-at-law determined that his

court lacked jurisdiction, and re-transferred the case to the district court.

Back in the district court, appellees filed motions to dismiss, claiming the indictments did not allege all the elements necessary to state an offense. After a hearing the trial court granted the motions to dismiss. The State appeals from this order.

The case was transferred from the county court-at-law back to the district court because of appellees' argument that jurisdiction was proper in the district court under Article 4.05[1] of the Code of Criminal Procedure, which says:

> District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all *misdemeanors involving official misconduct,* and of misdemeanor cases transferred to the district court under Article 4.17 of this code. (emphasis added)

The county court-at-law judge first dismissed the indictments based on this argument, then "reinstated" the indictments and transferred them to the district court. There all parties, including the district judge, agreed that the offense in question did "involv[e] official misconduct" so that the district court had jurisdiction.[2]

Once jurisdiction was finally settled in the district court, however, counsel for appellees made the novel argument that the indictments did not allege every element of the offense. His reasoning was that jurisdiction over the misdemeanor offense properly lay in district court only because the offense involved official misconduct, yet the indictments did not allege every element of the offense entitled Official Misconduct, TEX.PENAL CODE ANN. § 39.01. That offense requires that a public servant act with intent to obtain a benefit or with intent to harm another, neither of which was alleged in appellees' indictments.

■ Counsel for the State argued:

Judge, I would just say that the State has alleged the violation of the 'Open Meetings Act' which is one of the several offenses which may be considered official misconduct. The district court is given jurisdiction over cases like this in that—or for the reason that cases involving official misconduct are of sufficient seriousness or severity of the offense that would dictate that the district court has jurisdiction, like felony cases. I don't believe the State is required to prove and to allege under the Official Misconduct statute.

This argument was entirely correct. However, the trial court accepted appellees' contention, reasoning as follows:

> "Official misconduct" means intentional unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal or neglect of an officer to perform a duty imposed on the officer by law.
> *The "Revisor's Note" under these sections* points out the change in wording: "In the definition of 'official misconduct,' the revised law substitutes 'intentional' for 'willful because, in the context of the source law, the terms are synonymous and the former is more commonly used.'"
> Using these definitions, it appears appellees have been indicted for an offense involving official misconduct. Their indictments allege they intentionally and knowingly behaved unlawfully in their official duties, refusing to perform the duty imposed on them by law of conducting deliberations in public.
> As this issue is not before us in this State's appeal, however, we do not decide it.

---

**1.** Appellees also relied on TEX. CONST. art. V, § 8, but since the 1985 amendment that constitutional provision no longer speaks of official misconduct.

**2.** This appears to be the case. Though "official misconduct" is undefined within art. 4, the Court of Criminal Appeals has previously noted with approval the definition formerly found in TEX.REV.CIV.STAT.ANN. art. 5973, which defined "official misconduct" as "any unlawful behavior in relation to duties of office that is willful in character, including willful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law." *Gallagher v. State,* 690 S.W.2d 587, 593 (Tex.Crim. App.1985); *Robinson v. State,* 470 S.W.2d 697, 699 (Tex.Crim.App.1971).

This act has been repealed. Acts 1987, 70th Leg., ch. 149, eff. Sept. 1, 1987. The definition formerly found there now appears in two sections of the Local Government Code, §§ 21.-002(b)(2) and 87.011(3), *supra.* The wording has been altered slightly, as follows:

... It seems to me that it either is an Official Misconduct violation, in which case no culpable mental state is alleged, or else it is a plain misdemeanor trial in a county court—one of those two things— because the only thing that puts it in the district court is 'Official Misconduct.'

Official Misconduct has to consist of one of those two elements—either to harm or get some kind of financial benefit from it—and neither one of those two things is inherent in your indictment nor is it involved in your alleged offense. Somebody, as I understand it, just discussed city business without meeting all the requirements of the Open Meetings law. So, it appears to me you've got a simple misdemeanor in the county court; and I think perhaps the easiest way to get it there is for me to quash these indictments. If you want to reindict, you can turn around and reindict and put them in the county court, or you can appeal my ruling and get it back to district court and some Appellate Court can figure how in the world to get it out of here and back in county court.

Subsequently, the trial court granted appellees' motions to dismiss the indictments.

The trial court's error is understandable. It is unfortunate that the legislature has used the identical phrase, official misconduct, to identify both an entire category of offenses under TEX.CODE CRIM.PROC. ANN. art. 4.05 and a specific offense in TEX. PENAL CODE ANN. § 39.01. But an offense may "involv[e] official misconduct" within the meaning of art. 4.05, *supra*, regardless of the title of the particular offense or where it is found in the statutes. *Emerson v. State*, 662 S.W.2d 92, 94 (Tex. App.–Houston [1st Dist.] 1983), *aff'd*, 727 S.W.2d 267 (Tex.Crim.App.1987). *See also Gallagher, supra* (the offense of "Official Oppression" involves official misconduct though it does not fall within the "Official Misconduct" statute).

The offense alleged against appellees falls into this category. It involves official misconduct but is not the Penal Code offense of Official Misconduct. The indictments properly allege all the elements of the offense of violating the Open Meetings law of art. 6252–17, § 4(b), *supra*. Therefore the indictments sufficiently state an offense. They need not also allege the elements of § 39.01 of the Penal Code. The district court's judgment dismissing the indictments is reversed. The cases are remanded to that court.[3]

■ Finally, appellee Williams contends that the second indictment against him in Cause No. 5746 was properly dismissed because it fails to state an offense. That indictment alleges that on a certain date Williams

> did then and there intentionally and willfully participate in a regular meeting of the City of Del Rio City Council closed to the public by discussing and warning Lee Weathersbee and Dan Burr of not violating the sanctity of the executive session in an executive session of said meeting without first having given written notice of the date, hour, place, and subject of such discussion at least 72 hours preceding such meeting.

We agree with Williams that this indictment does not allege a penal offense. The indictment is less than a model of clarity, but we read it to allege that during a regularly closed session of the city council, appellee engaged in a discussion not on the agenda, of which no notice had been given to the public. This is not a criminal offense.

On the date alleged in the indictment, the notice provision of art. 6252–17, *supra*, read as follows:

> Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section, and any action taken by a governmental body at a meeting on a subject which was not slated on the agenda in the notice posted for such meeting is voidable ...

---

**3.** As the county court-at-law never had jurisdiction over the subject matter of these cases, that court's dismissal of the indictments was of no effect. Judicial action without jurisdiction is void. *Gallagher, supra,* at n. 1.

Paragraph (h) of that section requires that the notice be posted in a public place for at least 72 hours before the meeting.

The pertinent penalty provision read as follows:

Sec. 4. (a) Any member of a governing body who willfully calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who willfully closes or aids in closing a regular meeting or session to the public, or who willfully participates in a regular, special, or called meeting or session which is closed to the public where a closed meeting is not permitted by the provisions of this Act, shall be guilty of a misdemeanor....

Appellee's indictment does not allege that the "regular meeting ... closed to the public" was illegally closed under the provisions of the open meeting law. We read the indictment to mean that during a properly closed meeting appellee in effect added an item to the agenda by engaging in a discussion without having given public notice of the discussion. The indictment alleges lack of notice of the discussion, not of the meeting itself. The only penalty for this violation is that any action taken on the subject of that discussion is voidable.

For the State to prove appellee committed a criminal act, it would be necessary to prove the meeting itself was not permitted. But this additional fact is not alleged in the indictment, as it must be. TEX.CODE CRIM.PROC.ANN. art. 21.03. The indictment itself does not state facts which if proved would constitute a criminal offense. *Posey v. State*, 545 S.W.2d 162, 163 (Tex. Crim.App.1977). Therefore, the indictment is defective. The trial court properly dismissed it.[4]

The trial court's judgment in its cause number 5746 is affirmed. The judgments in cause numbers 5744, 5745, and 5747 are reversed, and the causes remanded to the trial court.

---

4. If by this indictment the State intended something other than our interpretation, the State has run afoul of TEX.CODE CRIM.PROC.ANN. art. 21.02, which says that in a charging instrument, "The offense must be set forth in plain and intelligible words," and art. 21.11, *supra,* which says, "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant ..."