**Joe TOVAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 04–95–00554–CR, 04–95–00555–CR.

Court of Appeals of Texas,
San Antonio.

June 18, 1997.

dicted for two charges of violating the Open Meetings Act (hereinafter the "Act"). *See* TEX. GOV'T CODE ANN. § 551.144 (Vernon 1994). The first indictment alleged that Tovar knowingly participated in a special closed meeting of the school board which was not permitted under the Act. The second indictment alleged that Tovar called or aided in calling and organizing a special closed meeting of the school board that was not permitted under the Act. A jury found Tovar guilty as charged and assessed punishment at six months in prison and a $500 fine for each offense. This sentence was probated.

## CULPABLE MENTAL STATE

In his first point of error Tovar contends the trial court erroneously refused to give various requested instructions informing the jury that Tovar could not be found guilty unless it found that he called or participated in the special closed meeting *knowing* that the meeting was not permitted by the Act.

At trial, the jury was instructed as follows: [I]f you find from the evidence beyond a reasonable doubt that ... Joe Tovar ... did knowingly call or aid in calling or organizing [or participating in] a special closed meeting of the Somerset Independent School District Board of Trustees, and the closed meeting was not permitted under Chapter 551 of the Government Code ... in that none of the above exceptions apply ... then you will find Joe Tovar, guilty of Violation of [the] Open Meetings Act as charged in the indictment. This instruction tracks the language of section 551.144 of the Act, which states in part:

(a) A member of a governmental body commits an offense if a closed meeting is not permitted under this chapter and the member knowingly:

(1) calls or aids in calling or organizing the closed meeting, whether it is a special or called closed meeting;

(2) closes or aids in closing the meeting to the public, if it is a regular meeting; or

(3) participates in the closed meeting, whether it is a regular, special, or called meeting.

Luis R. Vera, Jr., Law Offices of Luis R. Vera, Jr., San Antonio, Michael D. Bernard, Hitchings, Pollock & Bernard, San Antonio, for Appellant.

Roderick B. Glass, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

STONE, Justice.

In this appeal we are asked to determine whether conviction of a government official under the Texas Open Meetings Act for calling or participating in a closed meeting not permitted under the Act requires the fact finder to first determine that the official knew the closed meeting was impermissible. We hold that under the plain language of the Open Meetings Act, a government official can be found guilty of violating the Act by calling or participating in an impermissible closed meeting, even when the official is unaware of the illegality of the meeting.

Joe Tovar, the former president of the Somerset Independent School Board, was in-

TEX. GOV'T CODE ANN. § 551.144 (Vernon 1994). The court overruled Tovar's objections to the charge and denied his requested instructions.

■■■ The Texas Penal Code delineates three conduct elements which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances of the conduct. TEX. PENAL CODE ANN. § 6.03(a), (b) (Vernon 1994). An offense may contain one or more of these conduct elements which alone or in combination form the overall behavior the Legislature intended to criminalize, and it is to those elements which a culpable mental state must apply. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App.1989). Gambling is an example of a nature oriented offense. The act of gambling is criminalized due to its very nature, and the offense is committed if the actor intended to engage in the specific conduct regardless of the result. *Herrera v. State*, 915 S.W.2d 94, 97 (Tex. App.—San Antonio 1996, no pet.). Result oriented offenses criminalize unspecified conduct based upon the result of the action. The offense of injury to a child is an example of a result oriented offense in which the culpability lies in intending to harm the child, thus the requisite mental state must apply to that element. *Alvarado v. State*, 704 S.W.2d 36, 39–40 (Tex.Crim.App.1985). Finally, where otherwise innocent behavior becomes criminal due to the circumstances under which it is done, a culpable mental state must apply to those surrounding circumstances. *McQueen*, 781 S.W.2d at 603. The offense of operating a motor vehicle without the owner's consent is an example of an offense in which the mental state applies to the circumstances. *See id.* Operating another's vehicle is not inherently criminal, nor does the statute prohibit a specific result. *Id.* What makes the conduct unlawful is that is it done under certain circumstances—i.e., without the owner's permission; thus the mental state requirement must apply to those circumstances. *Id.*

■■■ Tovar complains that the jury charge was incorrect because the mental state requirement focused on the nature of his conduct. Tovar argues that the offense of calling or aiding in calling a closed meeting as proscribed in section 551.144 is a result oriented crime or a circumstance oriented crime as opposed to a nature oriented crime. He therefore contends that the mental state requirement for the commission of the offense should refer to the result of his actions or to the circumstances surrounding his actions, but not to the nature of his actions.

To support his argument that this court should label section 551.144 as a circumstance oriented offense or a result oriented offense, Tovar relies on *State v. Williams*, 780 S.W.2d 891 (Tex.App.—San Antonio 1989, no pet.) and *Martinez v. State*, 879 S.W.2d 54 (Tex.Crim.App.1994). Tovar submits that *Williams* stands for the proposition that the conduct of engaging in a closed meeting is not a criminal offense unless it is accompanied by the circumstance that the meeting is prohibited by law. *See Williams*, 780 S.W.2d at 893. We disagree with Tovar's suggested reading of *Williams* and, in fact, we view *Williams* as persuasive authority for the State's position that the offense may be properly viewed as a conduct oriented offense.

The central issue in *Williams* was the propriety of the trial court's dismissal of four indictments which sought to charge the defendants with violations of the Open Meetings Act. *Id.* at 891. One indictment accused defendant Williams of violating a notice provision of the Act, and Williams argued the indictment failed to state a criminal offense. *Id.* at 893. Indeed, the indictment merely stated that Williams engaged in a discussion not on the agenda, of which no notice had been given to the public. *Id.* Violation of the notice provision, as noted by this court, does not carry a criminal sanction. The only penalty for violating the notice provision of the Act is that any action taken on the subject of that discussion is voidable. *Id.* Such is not the case when one knowingly calls or participates in an illegal meeting. Calling, aiding in calling, or participating in a meeting which is prohibited by the Act is a criminal offense. *Id.* at 894. In affirming the dismissal of the indictment, this court indicated that had the indictment alleged that an illegal meeting occurred, the indictment would have stated a

criminal offense, thereby placing the burden upon the State of proving that the meeting itself was not permitted under the Act. *Id.*

As noted earlier, with a circumstance oriented offense, otherwise innocent behavior becomes criminal with the existence of certain facts. *See McQueen,* 781 S.W.2d at 603. Admittedly, there is nothing inherently criminal about conducting a meeting. Under the Act, however, the action of conducting a closed meeting is not an inherently innocent action since all meetings are presumed open, and if a government official wishes to conduct a closed meeting, the official must find an exception to the general rule or face penal sanctions. *See* TEX. GOV'T CODE ANN. § 551.001 et seq. (Vernon 1994). Thus, to the extent that the Act places the burden upon governmental officials to conduct open meetings, the action of conducting a closed meeting is not inherently innocent.

Finally, in support of his argument that section 551.144 could be viewed as a result oriented offense, Tovar looks to Judge Clinton's concurrence in *Martinez v. State,* 879 S.W.2d 54 (Tex.Crim.App.1994), wherein Judge Clinton traces the legislative history of the Act. Specifically, Tovar relies on footnote seven which states:

> In light of the evolution of the Act, it seems to me the clause was designed to replace the previously required "dissent" in favor of prohibiting a commissioner from participating in a regular, special [or] closed meeting which is closed to the public *knowing that the closed meeting is not permitted.*

*Martinez,* 879 S.W.2d at 60 n. 7 (emphasis in original). Tovar contends this language indicates that the mens rea requirement attaches to the result element of the offense. We disagree. In footnote seven, Judge Clinton explains the evolution of the mental state requirement as currently provided for in section 551.144. *See id.* Noting the provision's historical semantic changes, Judge Clinton concludes that the first clause of section 551.144 [1] qualifies all three stated offenses—

i.e., knowingly calling, knowingly closing, or knowingly participating in. *Id.* Thus, while footnote seven may allude to the concept of a result oriented offense, we do not find *Martinez* as dispositive authority to determine the posture of section 551.144.

■■■ In deciding the proper characterization of section 551.144, our analysis begins with an examination of the statute to determine the legislative intent. *Basden v. State,* 897 S.W.2d 319, 321 (Tex.Crim.App.), *cert denied,* —— U.S. ——, 116 S.Ct. 223, 133 L.Ed.2d 153 (1995); *see* TEX. GOV'T CODE ANN. § § 311.023, 312.005 (Vernon 1988). We must view this provision in light of the entire statute. *See Price v. State,* 840 S.W.2d 694, 696 (Tex.App.—Corpus Christi 1992, pet. ref'd). Ordinarily, language is the best indicator of legislative intent and if the meaning should have been plain to the legislators who voted for it, reviewing courts should give effect to the plain meaning of the language. *Bingham v. State,* 913 S.W.2d 208, 209 (Tex. Crim.App.1995). Reviewing courts will not give effect to a statute's plain meaning, however, if to do so would reap absurd results. *See Stanul v. State,* 870 S.W.2d 329, 334 (Tex.App.—Austin 1994, pet. ref'd).

In the instant case, a plain reading of section 551.144 places the mental state requirement upon the action of calling, aiding in calling, or participating in a meeting. Section 551.144, as the State correctly notes, is not concerned with whether the actor knows the meeting is prohibited. Thus, the plain wording of the provision indicates a nature of the conduct offense.

Tovar suggests, however, that a plain reading of section 551.144 is inappropriate because it gives rise to the absurd result of allowing an individual to be punished without culpability. That the result may seem harsh not does make the result absurd. As noted by the Texas Supreme Court, the Act's purpose is to safeguard the public's interest in knowing the workings of its governmental bodies. *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 300 (Tex.1990). This spirit is

---

1. The first clause states that:
   A member of a governmental body commits an offense if a closed meeting is not permitted under this chapter and the member knowingly....

TEX GOV'T CODE ANN. § 551.144 (Vernon 1994).

374

embodied in the Act's general rule that all meetings are open unless otherwise provided by the statute. *See* Tex. Gov't Code Ann. § 551.002 (Vernon 1994). Sections 551.071–.084 enumerate specific exceptions to the general rule. *See* Tex. Gov't Code Ann. §§ 551.071–.084 (Vernon 1994). If governmental officials wish to conduct a closed meeting, the Act places the burden upon the officials to find an exception for the closed meeting and the failure to do so triggers criminal penalties.

We recognize that this statutory scheme may appear onerous to the official who, in good faith, is executing the duties of his office. The Act, however, does not provide a good faith exception. Legislative intent may be inferred from the absence of a particular provision in a statute, *Green v. Watson*, 860 S.W.2d 238, 244 (Tex.App.—Austin 1993, no writ), and we believe that an omission of such a provision lends support to the argument that section 551.144 is not concerned with whether the actor knew the meeting was prohibited under the Act. If this court were to hold that the State had the burden to prove that Tovar knew the called meeting was illegal, despite the plain wording of the statute and the absence of a statutory good faith exception, Tovar would receive the benefit of a "mistake of the law" defense. But this defense conflicts with section 8.03(a) of the Texas Penal Code which provides that it is no defense that someone does not know the law. Tex. Penal Code Ann. § 8.03(a) (Vernon 1994). We decline to provide Tovar with a defense that the Legislature has not established.

In light of the Act's general rule that all meetings are open, the plain wording of section 551.144, and the absence of a good faith exception, we find that section 551.144 is a conduct oriented offense and that the jury instruction correctly reflected the State's burden of proof. Point of error number one is overruled.

### DISTRICT COURT JURISDICTION

Tovar's second point or error contends that the district court lacked jurisdiction. A violation of section 551.144 is a misdemeanor. Tex. Gov't Code Ann.

§ 551.144(b) (Vernon 1994). District courts have original jurisdiction over all misdemeanors involving official misconduct. Tex.Code Crim. Proc. Ann. art. 4.05 (Vernon Supp.1997). Official misconduct is an offense that is an intentional or knowing violation of a law committed by a public servant while acting in an official capacity. Tex.Code Crim. Proc. Ann. art. 3.04 (Vernon Supp. 1997). In the instant case, the first indictment alleged that Tovar knowingly participated in a special closed meeting which was not permitted under the Act. The second indictment alleged that he called or aided in calling a special closed meeting and the closed meeting was not permitted under the Act. Tovar's actions, as alleged, involved intentional acts committed by him while acting in an official capacity. Therefore, jurisdiction was proper before the district court. Point of error number two is overruled.

The judgments of the trial court are affirmed.