NO. 07-11-0069-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2012

_____

GREGORY THORNTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,888; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Following a plea of not guilty, Appellant, Gregory Thornton, was convicted by a jury of tampering with evidence.[1] He pled not true to two enhancement paragraphs and was sentenced to forty-five years confinement. By two issues, Appellant questions whether (1) the evidence is sufficient to support a conviction for tampering with evidence when the "evidentiary value" of an item of drug paraphernalia, to-wit: a glass

_____

[1]Tex. Penal Code Ann. § 37.09(d)(1) (West Supp. 2011).

"crack pipe" was not destroyed or altered and the pipe was never concealed from the officer that instigated the encounter; and whether (2) he was entitled to a jury instruction on attempt after the arresting officer testified that he "tried" to tamper with the evidence. We reverse and render a judgment of acquittal.

## Factual Background

On the morning of April 11, 2008, while on burglary patrol in an unmarked car and dressed in plain clothes, Officers Jordan Roberts and Nathan Meil noticed Appellant and a female walking in the street where an adjacent sidewalk was provided, a violation of section 552.006 of the Texas Transportation Code.[2] The officers decided to stop the individuals and issue a citation for the violation. They pulled up to them, exited their vehicle, displayed their guns and badges and ordered them to stop.[3] According to Roberts, he observed Appellant reach inside a pocket and drop an object before he walked towards him and Meil. After securing the individuals, Roberts escorted Meil to the location of the dropped object where he retrieved a broken glass crack pipe and a brillo pad. A female officer was called to search the female suspect. An intact crack pipe was found in her pocket.

Appellant and his female companion were both charged with possession of drug paraphernalia, a Class C misdemeanor.[4] By the indictment in this cause, Appellant was also charged with the third degree felony offense of tampering with evidence. Following

---

[2]Section 552.006(a) provides that a pedestrian may not walk along and on a roadway if an adjacent sidewalk is provided and is accessible to the pedestrian.

[3]Roberts testified that he and Meil were within twenty feet of Appellant when they identified themselves as police officers.

[4]Tex. Health & Safety Code Ann. § 481.125(a) and (c) (West 2010).

a plea of not guilty, a jury found Appellant guilty and the trial court assessed his sentence at forty-five years confinement.[5]

By his first issue, Appellant maintains the evidence is insufficient to support his conviction for tampering with evidence, as alleged in the indictment. We agree.

## Sufficiency Standard of Review

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

---

[5]The range of punishment applicable to this offense was enhanced by four prior felony offenses alleged in the indictment. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011).

**Analysis**

A person commits the offense of tampering with evidence if knowing that an offense has been committed, he alters, destroys, or conceals any record, document or thing with intent to impair its verity, legibility or availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See* Tex. Penal Code Ann. § 37.09(d)(1) (West Supp 2011). In this case, the indictment alleges that Appellant "intentionally and knowingly conceal[ed] physical evidence, to-wit: glass pipe with intent to impair the availability of glass pipe as evidence in a subsequent investigation related to the said offense . . . ." He was not charged with altering or destroying the pipe.

"Conceal" is not defined by the statute nor elsewhere in the Penal Code. However, courts have held it means to hide, to remove from sight or notice; to keep from discovery or observation. *See Rotenberry v. State*, 245 S.W.3d 583, 588-89 (Tex.App.--Fort Worth 2007, pet. ref'd); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex.App.--Austin 2000, no pet.). This Court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." *See Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *6 (Tex.App.--Amarillo Sept. 9, 2009, no pet.) (not designated for publication). In the context of this offense, the *actio malum prohibitum* of concealment is the affirmative act of doing something with the intent of making an item of evidence unavailable in a subsequent investigation or prosecution.[6]

---

[6]An *actio malum prohibitum* is "[a] wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral, but becomes so because its commission is expressly forbidden by positive law; an act involving an illegality resulting from positive law." *Tovar v. State,* 978 S.W.2d 584, 587 (Tex.Crim.App. 1998) (quoting BLACK'S LAW DICTIONARY, ABRIDGED, 494 (5th ed. 1983).

4

Relying on *Hollingsworth*, 15 S.W.3d at 594-95,[7] Appellant maintains that by reaching in his pocket and removing the glass pipe, he did not affirmatively act to conceal evidence; rather, he merely dispossessed himself of the evidence, thereby actually revealing it to Officer Roberts. In response, the State urges that Appellant's "palming" of the pipe to remove it from his pocket constituted concealment. We disagree with the State.

In 2006, the Dallas Court of Appeals addressed the issue of concealment in *Blanton v. State*, Nos. 05-05-01060-CR and 05-05-01061-CR, 2006 Tex. App. LEXIS 6367,(Tex.App.--Dallas July 21, 2006, pet. ref'd) (not designated for publication). There, the defendant was stopped for a traffic violation and before stopping, he dropped two plastic baggies from his car window. The baggies were later retrieved and although some of the contents had spilled onto the street, a measurable amount of crack cocaine remained in them. He was convicted of possession of cocaine and tampering with evidence. Regarding the tampering conviction, he argued on appeal that the State failed to prove he "concealed" the cocaine because he had in fact exposed it to the officer's view.[8] The Dallas Court of Appeals agreed that Blanton had not concealed the cocaine but nevertheless affirmed his conviction for tampering with evidence based on

---

[7]In *Hollingsworth*, an officer was dispatched to a knife fight. He observed the defendant, whom he believed was a suspect, walking away from his patrol car at a fast pace. As the defendant ducked behind a dumpster, the officer observed him make a motion with his tongue in his mouth. A backup officer arrived and observed the defendant spit out what appeared to be crack cocaine. The defendant was found guilty of possession of cocaine and tampering with evidence. He challenged the tampering conviction by arguing he had not concealed any evidence. The Court found the evidence insufficient to support the conviction for tampering with evidence because, by spitting out the cocaine, which the backup officer testified he observed, the defendant exposed it to the officer's view rather than affirmatively acting to conceal the evidence. 15 S.W.3d at 595.

[8]Blanton also argued the State failed to prove he destroyed or altered the cocaine. However, those arguments are not relevant here because, unlike the charges in *Blanton*, Appellant was not charged with destroying or altering the pipe in question.

having "altered" the cocaine because the baggies had ripped and their contents had spilled onto the roadway. *Id.* at *8-9.

Here, Officer Roberts repeatedly confirmed during cross-examination that the object Appellant removed from his pocket, i.e., the glass crack pipe, was never concealed from him because it never left his sight.[9] Appellant never affirmatively acted to make the crack pipe unavailable in a subsequent investigation or prosecution. He did not throw it, bury it, cover it, hide it, place it out of sight, or otherwise conceal it. He merely dispossessed himself of it, leaving it in plain-view. As in *Blanton* where the act of dropping baggies out of a car window did not result in concealment, Appellant did not conceal the glass crack pipe by dropping it and thus ultimately revealing it to Officer Roberts.

The State urges that Officer Roberts's awareness of the glass pipe should not be imputed to Officer Meil's unawareness. Appellant, again relying on *Hollingsworth*, argues that it implicitly held that an officer's awareness of evidence is imputed to other officers. Although neither party cites to any authority involving tampering cases in support of their respective arguments, we follow the logic of *Hollingsworth* in which at least one of the officers on the scene, as is the case here, was aware of the presence of

---

[9]Officer Roberts testified as follows during cross-examination:

> Q. From the moment he took the pipe out of his hand, to the moment it hit the ground, to the moment you picked it up, did you ever lose sight of it?
> A. No.
>
> * * *
>
> Q. And correct me if I'm wrong, the pipe was never out of your vision; is that right?
> A. Yes, sir.
>
> * * *
>
> Q. Essentially, Officer Roberts, what I'm hearing from you is that the pipe was never out of your sight; is that correct?
> A. Yes, sir.

6

the item alleged to have been concealed.  *Cf. Holloway v .State*, 780 S.W.2d 787, 796 (Tex.Crim.App. 1989) (regarding the Sixth Amendment, knowledge is imputed from one state actor to another).

We conclude based on the plain and ordinary meaning of "conceal" and on the evidence and reasonable inferences to be drawn therefrom that no rational trier of fact could have found that Appellant "concealed" the pipe as alleged in the indictment. Issue one is sustained.  Our disposition of Appellant's first issue pretermits consideration of the second issue.  Tex. R. App. P. 47.1.

## Conclusion

Having found the evidence is insufficient to sustain Appellant's conviction for tampering with evidence, we reverse the trial court's judgment and render a judgment of acquittal.

Patrick A. Pirtle
Justice

Publish.