NO. 07-12-0049-CR
NO. 07-12-0050-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 17, 2012
_____

JESSE ANTONIO GAITAN,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 271ST DISTRICT COURT OF WISE COUNTY;

NOS. CR16105 & CR16106; HON. JOHN H. FOSTEL, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jesse Antonio Gaitan, appeals his convictions for tampering with physical evidence and being a felon who unlawfully possessed a firearm. He contends that the evidence was insufficient to show that he attempted to conceal, destroy, or alter the weapon or that he possessed it. We affirm.

## *Background*

The weapon in question was a 45-caliber handgun the police found by a fence around midnight. The officer who discovered the weapon was responding to a dispatch about a disturbance, along with another officer. When the former arrived, he noticed appellant discard something metallic near a carport doorway. At the time, appellant was being told but was refusing to stop. Instead, he was walking toward the carport. Various other people at the scene impeded the officer's search for the discarded item. Nonetheless, he found the handgun.

Appellant's estranged wife testified that she had seen appellant with the same handgun earlier that month. And, though appellant told the officers that he was merely throwing away a beer can, he acknowledged having handled a gun on an earlier date. The weapon was determined to have been stolen.

The evidence that appellant was seen discarding a metallic object through a doorway by which he passed, the discovery of the object or handgun by the police in the vicinity of where appellant tossed the object, and appellant's wife stating that the handgun was in appellant's possession earlier is some evidence upon which a rational factfinder could conclude beyond reasonable doubt that appellant possessed the weapon as alleged in the indictment. Coupling that with evidence of appellant's status as a prior felon subject to prosecution for possessing a firearm, see TEX. PENAL CODE ANN. § 46.04 (West 2011) (describing the offense of a felon possessing a firearm), his desire not to be found with the discarded object, his refusal to heed the officer's directive to stop, and his discarding the object into the night, the same factfinder could also deduce beyond reasonable doubt that appellant concealed the weapon from the

2

officers. This is so given that the Fort Worth Court of Appeals construed "conceal" to mean "the act of removing from sight or notice; hiding." *Rotenberry v. State*, 245 S.W.3d 583, 589 (Tex. App.–Fort Worth 2007, pet. ref'd); *accord Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. Lᴇxɪs 7121, at *6 (Tex. App.–Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated for publication) (defining conceal as meaning "to prevent disclosure or recognition of" or "to place out of sight"); *see also Young v. State*, No. 07-09-0229-CR, 2010 Tex. App. Lexis 9459,*3-4 (Tex. App.–Amarillo Nov. 30, 2010, no pet.) (mem. op., not designated for publication) (defining conceal to mean "to hide or to keep from observation, discovery or understanding"). That his effort was ultimately unsuccessful matters little; the factfinder had before it some evidence from which it could legitimately deduce that appellant was "hiding" what he had from the officers called to investigate the disturbance.[1] Whether we would have so found had we been jurors also matters little. Our task under the pertinent standard of review is to defer to what a factfinder could legitimately infer from the evidence. *See Laster v. State,* 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009). We do not, and must not, shed our robes

---

[1]Unlike the circumstances in *Thornton v. State,* No. 07-11-0069-CR, 2012 Tex. App. Lᴇxɪs 6493 (Tex. App.–Amarillo, August 7, 2012, pet. filed), we do not have an officer "repeatedly confirm[ing ] . . . that the object Appellant removed from his pocket . . . was never concealed from him because it never left his sight." *Id.* at *8. Rather, they liken to another case cited by the dissent, *Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. Lᴇxɪs 7121 (Tex. App.–Amarillo September 9, 2009, no pet.). There, the appellant threw a crack pipe into the night after spying the police. *Id.* at *6-7. He did so because he thought he would be arrested had the officer found it on him. *Id.* We concluded that the timing and motivation for the gesture was enough to allow a jury to legitimately deduce that "appellant intended to impair the pipe's availability as evidence against him . . . ." *Id.* This was so despite the presence of evidence suggesting that the officer easily found the pipe upon searching the area. So, and contrary to the dissent's point of view, "dispossessing oneself of incriminating evidence" may indeed satisfy the *actio malum prohibitum* purportedly laying at the heart of the criminal statute at issue.

as jurists to assume the garb of jurors or supplant what the law says with what we wish it said.[2]

Accordingly, the issues are overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Publish.

---

[2]Though the dissent would modify the judgment to remove verbiage relating to the assessment of attorney's fees, that was not a matter raised by appellant. Nor is it jurisdictional. So, it was waived.