NO. 07-12-0049-CR
NO. 07-12-0050-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 17, 2012
_____

JESSE ANTONIO GAITAN,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 271ST DISTRICT COURT OF WISE COUNTY;

NOS. CR16105 & CR16106; HON. JOHN H. FOSTEL, PRESIDING
_____

CONCURRING AND DISSENTING OPINION
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jesse Antonio Gaitan, appeals his convictions for tampering with

physical evidence[1] and unlawful possession of a firearm,[2] and his respective sentences

of forty years and twenty years confinement. While the majority would affirm both

[1]Trial Court Cause No. CR16105, Appellate Cause No. 07-12-0049-CR; Tex. Penal Code Ann. § 37.09(a)(1) (West Supp. 2012). Although the *Judgment* references § 37.09(d)(1), the correct statute of offense is § 37.09(a)(1).

[2]Trial Court Cause No. CR16106, Appellate Cause No. 07-12-0050-CR; Tex. Penal Code Ann. § 46.04(a) (West 2011).

convictions, I would reverse and render a judgment of acquittal in the tampering case, and I would modify the judgment in the unlawful possession case and affirm the judgment as modified.

TAMPERING WITH PHYSICAL EVIDENCE

I am bothered by the frequency with which prosecutors of this State have turned to section 37.09 of the Texas Penal Code to "double-down" on defendants by seeking a second conviction for "tampering with evidence" when an accused merely acts to dispossess himself or herself of evidence of another crime.  I do not believe the Legislature intended section 37.09 to be used in that fashion, and until the Court of Criminal Appeals speaks to the matter, I will continue to view such prosecutions in a circumspect manner.

A person commits the offense of tampering with evidence if, knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document or thing with intent to impair its verity, legibility or availability as evidence in any subsequent investigation of or official proceeding related to the offense.  *See* Tex. Penal Code Ann. § 37.09(a)(1) (West Supp. 2012).  In this case, the indictment alleges that Appellant did, "knowing that an investigation was in progress, . . . intentionally or knowingly conceal a firearm . . . with intent to impair its verity or availability as evidence in the investigation."  The critical element here is the act of concealment.  "Conceal" is not defined by section 37.09, or elsewhere in the Penal Code.  Courts of this State have, however, held it to mean to hide, to remove from sight or notice; to keep from discovery or observation.  *See Rotenberry v. State*,

2

245 S.W.3d 583, 588-89 (Tex.App.--Fort Worth 2007, pet. ref'd); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex.App.--Austin 2000, no pet.).

In fact, this Court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." *See Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *6 (Tex.App.--Amarillo Sept. 9, 2009, no pet.) (not designated for publication). We have also held that merely dispossessing oneself of incriminating evidence does not constitute the prohibited act of concealment. *See Thornton v. State,* 377 S.W.3d 814, 817 (Tex.App.--Amarillo 2012, pet. filed). In the context of section 37.09, the *actio malum prohibitum* of concealment is the affirmative act of doing something with the intent of making an item of evidence unavailable in a subsequent investigation or prosecution.[3] I do not believe that section 37.09 criminalizes merely dropping an object or distancing yourself from it. *See Blanton v. State*, Nos. 05-05-01060-CR and 05-05-01061-CR, 2006 Tex. App. LEXIS 6367 (Tex.App.--Dallas July 21, 2006, pet. ref'd) (not designated for publication) (finding that merely dropping a bag of cocaine while fleeing from the police did not constitute concealment).

Because the evidence in this case established, at best, that Appellant merely dispossessed himself of the firearm in question, I would find that no rational trier of fact could have found that Appellant "concealed" that evidence and I would sustain Appellant's first point of error. Accordingly, I would reverse the judgment of conviction and render a judgment of acquittal.

---

[3]An *actio malum prohibitum* is "[a] wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral, but becomes so because its commission is expressly forbidden by positive law; an act involving an illegality resulting from positive law." *Tovar v. State,* 978 S.W.2d 584, 587 (Tex.Crim.App. 1998) (quoting BLACK'S LAW DICTIONARY, ABRIDGED, 494 (5th ed. 1983)).

I concur with the majority decision to affirm Appellant's conviction for the offense of unlawful possession of a firearm; however, I would modify the judgment to delete the finding that assesses court-appointed attorney's fees "as approved by the Judge."

Pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *See Id.* at 557*. See also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.--Austin, July 1, 2010, no pet.)(not designated for publication)(also modifying judgment to delete attorney's fees).

Here, the judgment implies the trial court might somehow approve, post-judgment, the assessment of court-appointed attorney's fees. Because no evidence of Appellant's ability to pay was introduced at trial, a correct judgment would reflect either "N/A" or "None." Accordingly, I would modify the judgment to delete the order to pay

attorney's fees "as approved by the Judge" and I would substitute in its place the word "None."

Patrick A. Pirtle<br>Justice

Publish.