**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/10/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00486-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/10/2015 4:48:08 PM
DORIAN RAMIREZ
CLERK

No. 13-14-486-CR

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI AND EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

3/10/2015 4:48:08 PM

DORIAN E. RAMIREZ
Clerk

**GERARDO HERNANDEZ, Appellant**

**vs.**

**STATE OF TEXAS, Appellee**

Appeal from Cause No. 13-CR-3484-C in the 94th Judicial District Court, Nueces County, Texas, the Hon. Bobby Galvan presiding

## APPELLANT'S BRIEF

Respectfully submitted by:

Donald B. Edwards
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 887-7007
(361) 887-7009 (fax)

**Appellant requests oral argument**

# List of Parties

**Appellant**

Gerardo Hernandez
TDCJ# 01944495
Garza East Unit
4304 S HWY. 202
Beeville, TX 78102

**Appellant's Trial Counsel**

Mr. Hector Rene Gonzalez
Law Office of Hector Rene Gonzalez
2818 S. Port. Ave.
Corpus Christi, TX 78405

**Appellant's Appellate Counsel**

Mr. Donald B. Edwards
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302

**Appellee State of Texas Trial and Appellate Counsel**

Ms. Elizabeth Schmidt (trial)
Mr. Doug Norman (appellate)
Asst. Nueces County District Attorneys
901 Leopard St.
Corpus Christi, TX 78401

# Table of Contents

List of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
 The evidence is insufficient to support the conviction.. . . . . . . . . . . . . . . 9
  Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
  The charged offense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
  The evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
  The evidence is insufficient to show Appellant concealed any
   evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance and Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## Index of Authorities

**Cases**

*Barfield v. State*, 63 S.W.3d 446 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . . 10

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . 10

*Hollingsworth v. State*, 15 S.W.3d 586 (Tex. App.--Austin 2000, no pet.). . . . . . 12

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007).. . . . . . . . . . . . . . . . . . 9, 11

*Jackson v. Virginia*, 443 U.S. 307 (1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*King v. State*, 895 S.W.2d 701 (Tex. Crim. App. 1995).. . . . . . . . . . . . . . . . . . . . . 9

*Lujan v. State*, No. 07-09-0036-CR, 2009 WL 2878092, 2009 Tex.App. LEXIS 7121 (Tex. App.--Amarillo Sept. 9, 2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . 12

*Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997). . . . . . . . . . . . . . . . . . . . . 10

*Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . 9

*Powell v. State*, 194 S.W.3d 503 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . 11

*Rotenberry v. State*, 245 S.W.3d 583 (Tex. App.-Fort Worth 2007, pet. ref'd). . . 12

*Thornton v. State*, 377 S.W.3d 814 (Tex. App.--Amarillo 2012, no pet.) . . . . . . . 12

*Williams v. State*, 235 S.W.3d 742 (Tex. Crim. App. 2007).. . . . . . . . . . . . . . . . . 10

*Williams v. State*, 270 S.W.3d 140 (Tex. Crim. App. 2008).. . . . . . . . . . . . . . . . . 11

*Young v. State*, No. 07-09-0229-CR, 2010 WL 5129727, at *1-2, 2010 Tex. App. LEXIS 9459,*3-4 (Tex. App.--Amarillo Nov. 30, 2010) . . . . . . . . . . . . . . . . . . . 12

**Statutes**

TEX. PENAL CODE ANN. §37.09. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## Statement of the Case

Gerardo Hernandez was indicted on February 27, 2014, for tampering with physical evidence. CR 5. He waived a jury trial. CR 20. The court found him guilty on July 21, 2014. RR Vol. 4, p. 7. A punishment hearing was conducted on July 31, 2014, after which the court assessed punishment at 2 years confinement in the institutional division of the Texas Department of Criminal Justice. RR Vol. 4, p. 19.

## Issue Presented

Whether the evidence is sufficient to support the conviction for tampering with evidence when the indictment alleged only "concealing" the evidence and the evidence was found in plain sight in a matter of seconds by the officer who examined the place where the defendant allegedly dropped the evidence.

## Statement of Facts

On October 13, 2013, Officer Christopher Meer was on routing patrol in Corpus Christi near Ruth and Bluntzer. RR Vol. 2, p. 10, ll. 15-25. He initiated a traffic stop on a vehicle he saw make a turn without signaling. RR Vol. 2, p. 11, ll. 20-25. The driver was John Bauer and the defendant was a passenger. RR Vol. 2, p. 12, ll. 1-10.

On the video SX1 Disk 1 at 0:45, the vehicle in which Appellant was a passenger pulled to a stop. The driver tossed something out of his window. Nothing can be seen coming out of the passenger side.

At 1:45 Appellant is told to "put that out" and asked to step out of the vehicle. At 1:52 he is stepping out with left hand on the door frame and his right hand near his waist. Nothing is seen in his left hand. He shuts the door with his left hand which then descends to his side in a normal motion. Nothing is seen in his hand or being dropped to the ground. Appellant is searched for weapons. 1:55-2:30. He is then told to put the cigarette (still in his right hand) down on the trunk. 2:32. He is then taken away from the vehicle. At the 6:00 mark, the officer inspecting the vehicle walks around the front of the vehicle. He makes it to the front passenger corner of the car at 6:04, then bends down and picks up an object at 6:08. At 6:50 that officer approaches another officer at the rear of the vehicle and says, "The passenger tried to throw this out of the car."

The second officer asks Appellant why he did that, and Appellant said (7:01), "I don't know what that is."

The first officer says, "And he threw his pipe out on at me." (7:03)

Appellant is told he is there is a warrant for his arrest and he threw a crack pipe and brillo pad under the car, but he denied doing the same. 10:25-10:45.

7

At 11:30 a voice is heard from Appellant saying, "I should have thrown it forward. Why didn't you throw it forward, you dumbass?" See also Disk 2 9:05-9:12.

In his testimony, Officer Meer stated he saw Appellant drop his hand toward the runner of the vehicle, drop down real quick then come back up when he pushed the car door open. RR Vol. 2, p. 14, ll. 22-24; p. 22, ll. 21-23.

## Summary of the Argument

The evidence to support a criminal conviction must be such that a rational trier of fact can find all elements beyond a reasonable doubt.

Tampering with evidence as charged in the indictment required Appellant to "conceal" the evidence. Concealment requires the hiding of something or keeping it from sight or discovery. Simply dropping a physical object at one's location does not constitute concealment for purposes of tampering with physical evidence.

Since Appellant was only charged with concealment of evidence that was found in plain sight by his person, the evidence is insufficient and an acquittal should be ordered.

**Argument**

**The evidence is insufficient to support the conviction.**

*Standard of review*

When deciding whether evidence is sufficient to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as charged in the indictment beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This standard of review applies to cases involving both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Although the court of appeals is to consider all evidence presented at trial, it may not re-weigh the evidence and substitute its judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony, and it is the exclusive province of the trier of fact to reconcile conflicts in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence

9

conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Jackson*, 443 U.S. at 314, 318 n. 11, 320, 99 S.Ct. at 2786, 2789 & n. 11; *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)

The legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge for the case that would set out the law, be authorized by the indictment, not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describe the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This standard applies to both jury and bench trials. *Id*. However, the sufficiency of the evidence in a bench trial is measured by the evidence adduced at both guilt-innocence and punishment phases. *Barfield v. State*, 63 S.W.3d 446, 451 (Tex. Crim. App. 2001).

In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In determining the sufficiency of the evidence, a reviewing court examines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*. (quoting

10

*Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a trier of fact to find the accused guilty beyond a reasonable doubt, even if every fact does not "point directly and independently to the guilt of the accused." *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006). However, the trier of fact's decision must be rational and thus cannot be upheld if it relies on evidence of physical impossibilities or speculation.

*The charged offense*

Tampering with physical evidence with three elements: (1) Knowing that an investigation or official proceeding is pending or in progress or that an offense has been committed; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding or subsequent investigation or proceeding relating to the offense. *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008); TEX. PENAL CODE ANN. §37.09(a)(1) and (d)(1). The indictment alleged only that Appellant intentionally or knowingly concealed the physical evidence but alternatively alleged the concealment with knowledge of an investigation or knowledge that an offense had been committed. CR 4-5.

11

The Court of Criminal Appeals has not yet addressed the meaning of the term "conceal" in section 37.09, but courts of appeals, including this court, have addressed it. The Fort Worth Court of Appeals held the word means "the act of removing from sight or notice; hiding." *Rotenberry v. State*, 245 S.W.3d 583, 589 (Tex. App.-Fort Worth 2007, pet. ref'd). The Amarillo Court of Appeals found it to mean "to prevent disclosure or recognition of or "to place out of sight" in *Lujan v. State*, No. 07-09-0036-CR, 2009 WL 2878092, 2009 Tex.App. LEXIS 7121 (Tex. App.--Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated for publication), and also have applied a definition "to hide or to keep from observation, discovery or understanding." *Young v. State*, No. 07-09-0229-CR, 2010 WL 5129727, at *1-2, 2010 Tex. App. LEXIS 9459,*3-4 (Tex. App.--Amarillo Nov. 30, 2010) (mem. op., not designated for publication), citing *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.--Austin 2000, no pet.). *See also Thornton v. State*, 377 S.W.3d 814, 817 (Tex. App.--Amarillo 2012, no pet.) (mem. op., not designated for publication) (noting same definitions).

*The evidence*

The evidence in this case presented at the guilt-innocence phase includes a video of the stop and confrontation and testimony of the officers who conducted the

stop. Appellant testified on his own behalf in the punishment phase. RR Vol. 4, pp. 10-13. He was never asked during that testimony whether he committed the offense and gave no testimony suggesting that he did.

On the video SX1 Disk 1 at 0:45, the vehicle in which Appellant was a passenger pulled to a stop. The driver tosses something out of his window. Nothing can be seen coming out of the passenger side.

At 1:45 Appellant is told to "put that out" and asked to step out of the vehicle. At 1:52 he is stepping out with left hand on the door frame and his right hand near his waist. Nothing is seen in his left hand. He shuts the door with his left hand which then descends to his side in a normal motion. Nothing is seen in his hand or being dropped to the ground. Appellant is searched for weapons. 1:55-2:30. He is then told to put the cigarette (still in his right hand) down on the trunk. 2:32. He is then taken away from the vehicle. At the 6:00 mark, the officer inspecting the vehicle walks around the front of the vehicle, then bends down near the passenger door. At 6:50 that officer approaches another officer at the rear of the vehicle and says, "The passenger tried to throw this out of the car."

The second officer asks Appellant why he did that, and Appellant said (7:01), "I don't know what that is."

The first officer says, "And he threw his pipe out on at me." (7:03)

13

Appellant is told he is there is a warrant for his arrest and he threw a crack pipe and brillo pad under the car, but he denied doing the same. 10:25-10:45.

At 11:30 a voice is heard from Appellant saying, "I should have thrown it forward. Why didn't you throw it forward, you dumbass?" See also Disk 2 9:05-9:12.

Furthermore, Officer Meer testified he saw the motion of Appellant's hand and knew precisely where to find any object. RR Vol. 2, p. 14, ll. 22-25; p. 22, ll. 21-23.

*The evidence is insufficient to show Appellant concealed any evidence.*

From this evidence, it is impossible for a rational trier of fact to find Appellant concealed anything. The object was found in plain sight outside a vehicle Appellant exited. This case is nearly identical to *Hollingsworth* in which the Court of Appeals held the evidence insufficient to support a conviction for tampering.

In *Hollingsworth*, the defendant ducked behind a dumpster then spat rocks of cocaine out of his mouth. *Hollingsworth*, 15 S.W.3d at 590. The Austin Court of Appeals found there was no evidence to support finding defendant guilty of tampering with evidence. *Id*. at 595. The Austin Court of Appeals held the defendant's actions made the evidence visible to the police officers. *Id.*

That same principle holds here. Even assuming Appellant dropped the items,

14

he did so in plain sight of the officers, and dropped the items in a place where they were easily found. The items were not thrown away from the vehicle where it would take a lengthy search to locate it. The items were not obscured from sight by any other object. The items were found in plain sight by the officer the moment he stepped around the front of the vehicle. There were only four seconds elapsed from the time the officer reached the front corner of the vehicle and picked up the first object alleged to be drug paraphernalia and only one minute by which time both items were found. During that minute, the investigating officer took time to place the first item on the trunk of the car and converse with his fellow officer.

A statement by Appellant that the object wasn't his does not create a concealment where none existed. His statement that he "should have thrown it forward" is no admission of concealment or even attempt to conceal, as it does nothing more than suggest Appellant had an after the fact awareness that he might have been able to conceal the evidence if he had taken a different course of action. Even if a trier of fact could be allowed to infer Appellant had an intent to conceal, that intent cannot create a concealment where none exists.

There being no evidence of "concealment," a rational trier of fact could not find beyond a reasonable doubt that Appellant concealed any evidence. Accordingly, the judgment should be reversed and an acquittal ordered.

15

## Prayer

Appellant, Gerardo Hernandez, respectfully requests this Honorable Court to reverse the judgment of the court below and order an acquittal.

Respectfully submitted,

 /s/ *Donald B. Edwards*
Donald B. Edwards
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 887-7007
(361) 887-7009 (fax)
Attorney for Appellant

## Certificate of Compliance and Service

I, Donald B. Edwards, certify that this brief contains 2,229 words in those matters not exempted under Rule 9. A copy of this brief is being delivered on March 10, 2015, via copy forwarding service of the electronic filing system to Mr. Doug Norman at his email addresses of douglas.norman@nuecesco.com and douglas.norman@co.nueces.tx.us.

 /s/ *Donald B. Edwards*
Donald B. Edwards

16