ACCEPTED
13-15-00287-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/28/2015 7:30:28 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00287-CR

## IN THE THIRTEENTH COURT OF APPEALS
## CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/28/2015 7:30:28 PM
DORIAN E. RAMIREZ
Clerk

### JUAN TORRES RODRIGUEZ
#### Appellant,

### VS.

### THE STATE OF TEXAS
#### Appellee.

**Appeal from the 36TH Judicial District**
**San Patricio County, Texas**

**Tr. Ct. No. S-14-3162-CR**

_____

### BRIEF FOR THE APPELLANT
_____

**Irma M. Sanjines**
**SBN 17635655**
**Wilson Plaza-West, Ste. 504**
**P. O. Box 4005**
**Corpus Christi, TX 78469**
**Tel.:  (361)883-6106**
**Fax:  (361)883-9650**
**irmasanjines@aol.com**

**Oral Argument Not Requested**

# CERTIFICATE OF INTERESTED PERSONS

1. **Parties:**

Juan T. Rodriguez, Appellant
510 Jabon
Sinton, TX 78387

The State of Texas, Appellee
Honorable Michael E. Wellborn
San Patricio County District Attorney
P. O. Box 1393
Sinton, TX 78387

2. **Counsel for Appellant:**

Trial: David W. Phillips
P. O. Box 124
Corpus Christi, TX 78403

Appeal: Irma Mendoza Sanjines

3. **Counsel for Appellee:**

Trial: Samuel Boyd Smith Jr.
Assistant District Attorney
P. O. Box 1393
Sinton, TX 78387

4. **Judges:**

Honorable Starr Boldrick Bauer, 36th Judicial District Presiding Judge
Honorable Joel B. Johnson, Trial Judge
Honorable Patrick L. Flanigan, Sentencing Judge

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii-iv

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement Regarding Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Whether the evidence was sufficient to convict Rodriguez
of the offense of Tampering with Physical Evidence?**

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7-11

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# INDEX OF AUTHORITIES

**Cases**                                                                 **Page**

*Almanza v. State,* 686 S.W. 2 157(Tex.Crim.App. 1984) . . . . . . . . . . . . . . . . . . . . .5

*Blanton v. State*, Nos. 05-05-01060-CR, 2006 Tex.App. LEXIS 6367
    (Tex.App.-Dallas July 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Dewberry v. State*, 4 S.W. 3d 735, 740 (Tex.Crim.App.1999) . . . . . . . . . . . . . . . .7

*Hunt v. State*, 1985 Tex.App. LEXIS 6393(Tex.App.-Houston 1st Dist.
    April 4, 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jackson v. Virginia*, 443 U.S. 307, 319(1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Kitchens v. State*, 823 S.W. 2d 256 (Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . .5

*Lujan v. State*, No. 07-09-0036-CR, 2009 Tex.App. LEXIS
    7121 at *6(Tex.App.-Amarillo Sept. 9, 2009) . . . . . . . . . . . . . . . . . . . . . . . .7

*Malik v. State*, 953 S.W. 2d 234, 240 (Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . 6

*Padilla v. State*, 326 S.W. 3d 196, 200 (Tex.Crim.App. 2010) . . . . . . . . . . . . . . .6

*Rabb v. State*, 434 S.W. 3d 613 (Tex.Crim.App. 2014). . . . . . . . . . . . . . . . . . . . .11

*Robinson v. State*, 1994 Tex.App. LEXIS 3573, 1994 WL 594022
    (Tex.App.-Dallas Oct. 28, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rotenberry v. State,* 245 S.W. 3d583, 588-89(Tex.App.-Fort Worth
    2007, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Stewart v. State*, 240 S.W. 3d 872(Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . . 11

*Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct 1868(1968). . . . . . . . . . . . .9

*Thornton v. State*, 377 S.W. 3d 814(Tex.App.-Amarillo 2012) . . . . . . . . . . . . . . .8

**Constitutional Provisions, Statutes and Rules**

Tex. Const. art. 5, §1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Tex.Code Crim. Pro. art. 36.19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Tex. Penal Code Ann art. 1.04(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

Tex. Penal Code Ann. art. 6.039a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9-10

Tex. Penal Code Ann. art. 37.09(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. R. App. Proc. 39.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is not requesting oral argument because the facts related to the issue presented are brief and simple and would not be significantly emphasized and clarified by oral argument and the decisional process would not be aided. TEX. R. APP. PROC. 39.2.

## STATEMENT REGARDING JURISDICTION

The 36th District Court of San Patricio County, Texas and this Court has subject-matter jurisdiction pursuant to Tex. Penal Code Ann. art. 1.04(a)(1) because the offense that Rodriguez allegedly committed through his conduct for which he may be criminally responsible was inside the state of Texas, and within the county of San Patricio, Texas. The Appellant was given permission to appeal by the trial court.  (CR p. 63).

The Thirteenth Court of Appeals was created pursuant to authority granted by Article 5, Section1, Texas Constitution, to hear intermediate criminal appellate cases arising from the district courts served by its twenty-county area, including San Patricio County, Texas.

## STATEMENT OF THE CASE

Appellant, Juan Torres Rodriguez (Rodriguez), was charged in a two-count indictment with Possession of a Controlled Substance, to-wit: Cocaine less than one gram, a state jail felony (Count One), and Tampering with Physical Evidence, a third degree felony (Count Two).  (CR p. 6).[1]

Rodriguez pled not guilty and was tried by the jury on December 8-9, 2014. (1RR p. 3).[2]  The jury found Rodriguez guilty on both counts.  (CR pp. 44-45).  A PSI report was ordered and a punishment hearing was scheduled for February 20, 2015. (3RR p. 149). (CR p. 46).

Rodriguez failed to appear on February 20, 2015.  (CR p. 55).  On June 29, 2015, the trial court conducted a punishment hearing and sentenced Rodriguez to eighteen months on Count One and six years on Count Two, concurrently. (CR pp. 81-88)(4 RR p. 18- 20). The trial court certified his right of appeal.  (CR p. 63).

A timely Notice of Appeal followed on June 30, 2015. (CR p. 65).

---

[1]CR refers to clerk's record followed by pagination as prepared by the clerk of the court.

[2]RR refers to reporter's record, preceded by volume number and followed by pagination established by court reporters, Lisa T. Riley and Katrina Gentry.

1

## ISSUE PRESENTED

**Whether the evidence was sufficient to convict Rodriguez of the offense of Tampering with Physical Evidence?**

## STATEMENT OF FACTS

Rodriguez was arrested on September 3, 2012 for possessing less than one gram of cocaine and for concealing and attempting to destroy the plastic baggie of cocaine in his hand with intent to impair its availability as evidence. ( 3 RR p. 24). The Indictment charging Rodriguez pleads in the conjunctive on Count Two, to wit: intentionally and knowingly conceal and attempt to destroy a plastic baggie of suspected cocaine, with intent to impair its availability as evidence in the investigation. (CR p. 6)

The defense filed a Motion to Suppress which was never tried to the judge. (CR pp. 21-23)(3RR p. 17, 59). The record appears to show that defense counsel was attempting to argue this motion to the jury, i.e. Rodriguez's illegal detention, but later clarifies to the trial court that they have abandoned the motion by saying, "we backed off of that, Judge." (3 RR p. 59). Instead, the defense's theory at trial was that Rodriguez did not have a trespass notice on him at Casa De Oro as the police claimed, because prior trespass charges had been dismissed. The theory was that the police knew that these trespass charges were dismissed but continued

2

to harass Rodriguez because he was dating a police officer's ex-wife. Moreover, on that night as part of the harassment, the police officers planted the cocaine in Rodriguez's hand in order to "frame" Rodriguez and further harass him. ( 3 RR pp. 30-31).

At trial, **Officer Aaron Putnam** testified that he saw Rodriguez walking towards Casa de Oro Apartments where Rodriguez had an active criminal trespass warning. (3 RR p. 34). He made contact with Rodriguez on that property, asked him to stop, and Rodriguez stopped. Putnam proceeded to place handcuffs on Rodriguez and observed a plastic bag in his right hand. At the same time, another officer arrived who exclaimed, "hey he's got something in his hands here." ( 3 RR. p. 38). Putnam said he later observed Rodriguez pass the baggie from his right hand to his left hand. He saw Rodriguez clench his fist several times, and it was his belief that he was attempting to destroy the drug inside the baggie by grinding. He was able to pry Rodriguez's hand open and remove a small clear plastic ziploc baggie containing a tan paste-like substance. ( 3 RR p. 39) ( 4 RR, State's Exhibit A, Incident Report #12090034). On cross-examination, Putnam testified that he didn't have an active trespass warning in his possession and that he didn't know that the alleged charge for trespass had been "no charged" by the county attorney. ( 3 RR p. 48).

3

**Officer Christian Martinez** testified he responded to a radio call from Putnam. When he got to Casa de Oro Apartments he saw Rodriguez in handcuffs (3 RR p. 65). He saw he had a baggie in his hands immediately upon arrival. Putnam took out a flashlight and hit the hand and it opened. They found a little baggie with a substance he didn't know what it was but it looked like a tan colored paste. (3 RR p. 67, 4 RR State's Exhibit A, Incident Report #12090034-2). He testified that he did not have an active trespass warning for Rodriguez in his possession. (3 RR p. 72).

**Natalia Sanchez** , a forensic scientist and employee with The Texas Department of Public Safety Crime Lab, testified and described what was retrieved as a small clear ziptop bag containing an off-white rock substance determined to be .19 grams of cocaine. (4 RR State's Exhibit A, Controlled Substance Analysis Laboratory Report)(3 RR 79-85).

The Charge to the Jury was prepared by the State and not the trial court. (3 RR p. 128) The Charge omits instructions and/or a definition for "attempted to destroy", one of two statutory conducts they alleged in the Indictment. Also, the State's closing argument omits "attempted to destroy", so that it appears that the State withdrew this allegation as a means of proving Tampering and relied solely on the statutory conduct of concealment. There was no objection from the defense

4

to the Charge. (CR pp. 38-39) ( 3 RR pp. 141-143). *See Almanza v. State*, 686 S. W. 2d 157( Tex. Crim. App. 1984)(jury charge error may be raised for first time on appeal, but higher harm req'd without trial objection) and Tex. Crim. Proc. Ann. art. 36.19. A charge to the jury may be in the disjunctive even if indicted in the conjunctive. *See Kitchens v. State*, 823 S. W. 2d 256 (Tex. Crim. App. 1991).

The jury found Rodriguez guilty of Count 1- Possession of Cocaine and Count 2-Tampering with Evidence. (CR pp. 44-45).

## SUMMARY OF THE ARGUMENT

The evidence was sufficient to prove Count I, Possession of Cocaine, but insufficient to prove Count II, Tampering with Physical Evidence. Rodriguez admits that he wholeheartedly possessed the drug in his hand to the point that the officers had to strike his hand to release the drug. But, Rodriguez asserts that he didn't conceal the baggie and its contents since it was, at all times, in plain view to the officers, each of whom instantly viewed the baggie with drugs upon visual contact with the defendant. Rodriguez never made an overt act to hide the cocaine inside his clothing, inside his mouth, to throw it, or drop it along the way, when he initially viewed Officer Putnam, the first officer on the scene. Moreover, the evidence reflects that the trespass charge against him had been previously

5

dropped, so that Rodriguez, believing he was not trespassing, did not have a knowledge of an investigation and the State failed to prove beyond a reasonable doubt that Rodriguez knew an investigation was in progress prior to any alleged attempt to conceal and that he intended to prevent the availability of the drug.

## STANDARD OF REVIEW

Insufficiency of the evidence can be raised for the first time on appeal. Insufficiency needs no predicate objection or motion for acquittal at trial. *Hunt v. State*, 1985 Tex. App. LEXIS 6393 (Tex. App. Houston 1st Dist.–April 4, 1985).

In a sufficiency review, an appellate court examines the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. *Padilla v. State*, 326 S.W. 3d 196, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319). Moreover, an appellate court measures the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S. W. 2d 234, 240 (Tex. Crim. App. 1997). In the appellate court's review, it must evaluate all of the evidence on the record, both direct and circumstantial, whether admissible or

inadmissible. *Dewberry v. State*, 4 S. W. 3d 735, 740 (Tex. Crim.App. 1999), cert

denied, 529 U.S. 1131, 120 S.Ct. 200, 146 L.Ed. 2d 958 (2000).

## ARGUMENT

A person commits the offense of tampering with evidence if, knowing that

an investigation or official proceeding is pending or in progress, he alters,

destroys, or conceals any record, document or thing with intent to impair its verity,

legibility, or availability as evidence in any subsequent investigation of or official

proceeding related to the offense. *See* Tex. Penal Code Ann. §37.09(a)(1).

"Conceal" is not defined by the statute nor anywhere in the Penal Code, but

courts have held it means to hide, to remove from sight, or notice; to keep from

discovery or observation. *See Rotenberry v. State*, 245 S. W. 3d 583, 588-89

(Tex.App.-Fort Worth 2007, pet. ref'd). The Court of Appeals has held that

"conceal" means "to prevent disclosure or recognition of" or "to place out of

sight." See *Lujan v. State*, No. 07–09-0036-CR, 2009 Tex. App. LEXIS 7121, at

*6(Tex.App.-Amarillo Sept. 9, 2009, no pet.). In the context of this offense, *actio

malum prohibitum* of concealment is the affirmative act of doing something with

the intent of making an item of evidence unavailable in a subsequent proceeding.

In *Blanton v. State*, Nos. 05-05-01060-CR, 2006 Tex. App. LEXIS 6367,

(Tex.App.-Dallas July 21, 2006, pet. ref'd) the Court found the State failed to

7

prove beyond a reasonable doubt that the defendant "concealed" because it was found that defendant had in fact exposed the evidence to the officer's view. Moreover, the Court of Criminal Appeals has found that the State failed to prove tampering through concealment when it presented evidence that the contraband, i.e. a crack pipe, never left the officer's sight, and was in plain view. The State had failed to prove "conceal" in light of the fact that defendant did not do anything affirmatively to throw it, bury it, cover it, hide it, place it out of sight, or otherwise conceal it. *Thornton v. State*, 377 S.W. 3d 814 ( Tex.App.–Amarillo 2012).

Rodriguez contends that based on the plain and ordinary meaning of "conceal" and on the evidence and reasonable inferences to be drawn therefrom, no reasonable and rational trier of fact could have found that he "concealed" the drugs found in his hand, because the drugs never left his hand, and it was at all times visible and in plain view to the police. Moreover, he made no overt act to otherwise dispose of it by concealment. Rodriguez asserts the evidence was insufficient to show beyond a reasonable doubt that he "concealed" the evidence because the officers testified that they were aware of it at all times during the detention and subsequent arrest and therefore his judgement should be reversed.

Rodriguez contends that the evidence is insufficient to support or prove that he attempted to conceal evidence while he knew an investigation was in progress.

8

He asserts that he didn't have the culpable mental state of knowledge as required by §37.09(a)(1) and §6.03. The Indictment contends that he, knowing that an official investigation was in progress, did conceal with intent to impair its availability in the investigation. On September 3, 2012, Rodriguez knew that the trespass charges against him were dismissed or "no charged" by the county attorney. (3 RR p. 48). Therefore, Rodriguez did not know or reasonably believe that an investigation was in progress and the State failed to prove otherwise, or even attempt to prove otherwise, beyond a reasonable doubt, that there existed an attempt by the police to investigate. Rodriguez stopped immediately when Putnam so instructed him. He didn't attempt to run, or make any overt act, which would have implied guilt. ( 3 RR pp. 35-38). Neither Officer Putnam nor Martinez advised him of why he was being detained. Rodriguez had to have been aware of circumstances of an investigation while attempting to conceal the evidence. The State did not prove this beyond a reasonable doubt. *Terry v. Ohio*, 392 U. S. 1, 16, 20 L.Ed. 2d 889, 88 S. Ct. 1868 (1968)(police driving down street without lights or siren was not a show of authority such that a reasonable person would not feel free to leave); *See Robertson v. State*, 1994 Tex. App. LEXIS 3573, 1994 WL 594022 (Tex. App. Dallas Oct. 28, 1994)(defendant had to have knowledge of an investigation prior to the statutory conduct being alleged, i.e.

9

concealment, to prove tampering of evidence.) Tex. Penal Code art. 6.03 defines knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Again, Rodriguez did not have knowledge that there were circumstances to cause his detention and subsequent arrest because he believed that there were no trespass warrants for him since his prior case of trespass had been "no charged."

Rodriguez asserts that the evidence was insufficient to show that he knew an investigation was in progress prior to any alleged act of concealment and therefore the judgment of the jury should be reversed.

Rodriguez also contends that he did not have the culpable mental state of intent to impair the verity, or availability of the evidence as required by the statute, Tex. Penal Code art. 6.03(a). The statute defines "intentionally" with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. The evidence reflects that nothing that Rodriguez did with the baggie in his hand would have destroyed or impaired the cocaine's availability as evidence. The grinding of the

10

baggie would not have destroyed or made the cocaine disappear. There was no concealment of the evidence which could have lessened the sample amount of cocaine for evidence. The State failed to prove beyond a reasonable doubt that the cocaine evidence was in fact destroyed by its grinding, nor did it present evidence that its impairment could be inferred. It failed to prove that it was Rodriguez's intent to impair the availability of the baggie and its contents. *See Rabb v. State*, 434, S.W. 3d 613( Tex. Crim. App. 2014); *Stewart v. State*, 240 S.W. 3d 872(Tex. Crim. App. 2007)(it is not enough that his action would impair, he must have intended to impair its availability, it must have been defendant's conscious objective or desire, and the State must present evidence to show it was, in fact destroyed, or that destruction could be inferred).

Rodriguez contends that the State failed to prove beyond a reasonable doubt that he had the intent to impair the verity, or availability of the cocaine as evidence in the investigation.

## **PRAYER**

For the foregoing, Appellant requests that this Court reverse the judgment by the jury, and enter an order of acquittal.

Respectfully submitted,

11

/s/ *Irma Sanjines*

_____
IRMA MENDOZA SANJINES
S.B.N. 17635655
P. O. BOX 4005
CORPUS CHRISTI, TX 78469
TEL: (361) 883-6106
FAX: (361) 883-9650

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the requirements of volume because it contains 2, 357 words.

2.      This brief complies with the typeface requirements because it has been prepared using WordPerfect X7 in Times New Roman 14 point font for text and 12 point font for footnotes, in standard 10 cpi typeface.


_*/s/Irma Sanjines*_____

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellant's Brief was served upon the San Patricio County District Attorney's Office by electronic transmission on September 28, 2015.

*/s/Irma Sanjines*_____